EMILE FARAH, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farah v. Commissioner
Docket No. 20868-85.
United States Tax Court
T.C. Memo 1987-327; 1987 Tax Ct. Memo LEXIS 327; 53 T.C.M. (CCH) 1282; T.C.M. (RIA) 87327; June 29, 1987. Joseph Falcone, for the petitioner. Daniel M. Carr, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Taxable
Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
1981
$19,609.45
$980.47
* 1982
24,781.65
1,239.08
**
$2,478.16
After concessions, the issues *328 for decision are, (1) whether petitioner understated his taxable income for the taxable year 1982 in the amount of $44,261 as determined by the Commissioner using the source and application of funds method of income reconstruction; (2) whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for the taxable year 1982; and (3) whether petitioner is liable for the addition to tax under section 6661 for the taxable year 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioner, Emile Farah, resided in Flint, Michigan, at the time he filed his petition in this case. Petitioner timely filed a Federal income tax return for the taxable year 1982. During the taxable year 1982 petitioner was a self-employed grocer. On October 16, 1981, petitioner was issued a Florida Certificate of Title for a 1979 Corvette. On January 1, 1982, John Farah, petitioner's brother, issued a check in the amount of $5,000 payable to George Farah, also petitioner's brother. On July 21, 1982, John issued a check in the amount of $5,000 payable to petitioner. *329 On his Federal income tax return for the taxable year 1982 petitioner reported taxable income of $1,270. On April 10, 1985, the Commissioner mailed to petitioner a statutory notice of deficiency in which he determined that petitioner understated his taxable income for the taxable year 1982 by $62,646. The Commissioner determined the amount of the understatement using the source and application of funds method of income reconstruction. After concessions, the parties agree that the amount of unreported income at issue for the taxable year 1982 is $44,261. [2]
OPINION The source and application of funds method of income reconstruction is based upon the assumption that the amount by which a taxpayer's application of funds during a taxable period exceeds his reported source of funds for that same period has, absent some explanation by the taxpayer, taxable origins. To explain the difference between the application of funds and the sources thereof, the taxpayer may show that he had nontaxable sources of funds such as cash on hand, gifts, inheritances, loans, etc. [3] Respondent's computations are *330 presumed correct, and petitioner has the burden of disproving them. ; Rule 142(a). Petitioner does not contend that the Commissioner's use of the source and application of funds method is erroneous. Petitioner argues, however, that the Commissioner's calculation failed to give him credit for various nontaxable sources of funds, which he claims were available for disposition during the taxable year 1982. Specifically, petitioner contends that his source of funds should be increased by the proceeds from the sale of his Corvette, loans from his brother, and loans from his brother-in-law. Petitioner testified that in 1982 he sold the Corvette in Florida for $9,000. However, on cross-examination petitioner testified that he sold the Corvette to some dealer in Massachusetts, but could not recall the name of the dealership or its location, only that it was in Massachusetts. If petitioner could not even remember where he sold the car, we seriously question whether he sold it. Furthermore, *331 petitioner failed to produce any records or documents of the alleged sale. We believe that if petitioner did sell the car, he would have provided a much clearer picture of the specifics of the transaction. Accordingly, the Commissioner correctly excluded the proceeds of the alleged sale of the Corvette as an additional nontaxable source of funds for the taxable year 1982. Petitioner's brother, John Farah, testified that the $5,000 check dated January 1, 1982, payable to George Farah and the $5,000 check dated July 21, 1982, payable to petitioner were loans to petitioner. With respect to the check dated January 1, 1982, John testified that he issued the check payable to George because he saw George most often and he gave it to George to deliver to petitioner. However, this does not explain why he issued the check payable to George. George could have just as easily delivered the check if it were payable to petitioner. [4]
*332 John also testified that he issued the check payable to George because George had an established business and it would have been easier for George to cash the check and give the money to petitioner than for petitioner to cash the check. However, John issued the subsequent $5,000 check payable to petitioner. We are simply not convinced that the $5,000 check payable to George was a loan to petitioner. It cannot, therefore, constitute a nontaxable source of funds to petitioner. Accordingly, the Commissioner correctly excluded the proceeds of the $5,000 check dated January 1, 1982, payable to George as an additional nontaxable source of funds. However, we think that the Commissioner erred in not including the $5,000 check dated July 21, 1982, payable to petitioner which John testified was a loan as an additional nontaxable source of funds. Petitioner's brother-in-law, Anton Makhlouf, testified that he lent $19,500 to petitioner during the taxable year 1982. Anton also testified that notes were not executed to evidence the loans nor was provision made for interest. Anton further testified that in 1986 a note, providing for 9 percent interest, was executed to evidence the loans. *333 Anton testified that his bank was collecting the payments. However, the note was not introduced into evidence and neither were the bank statements or records showing collection of payments. Such evidence, while not conclusively establishing that loans were made, would certainly give some credence to Anton's testimony. The failure to produce the alleged documents or at least explain their absence weighs against petitioner. Cf. Wichita Terminal Elevator, affd. . We are unconvinced that petitioner received $19,500 in loans from Anton. Therefore, the Commissioner correctly excluded the alleged loans as an additional nontaxable source of funds for the taxable year 1982. Although respondent did not introduce any evidence at trial to refute the testimony of petitioner or petitioner's witnesses, we are not bound to accept the uncontradicted testimony of a taxpayer or other interested parties if it is improbable, unreasonable, or questionable. . We reject petitioner's testimony as being improbable, unreasonable, *334 or questionable. Likewise, we reject the testimony of petitioner's brothers and brother-in-law, particularly in light of the potential for bias in their testimony. We conclude, therefore, that petitioner understated his taxable income by $39,261 for the taxable year 1982. [5]
The next issue for decision is whether petitioner is liable for the additions to tax pursuant to section 6653(a)(1) and (2). Section 6653(a)(1) and (2) provides for the imposition of additions to tax when there is an underpayment of tax due to negligence or intentional disregard of rules or regulations. Petitioner bears the burden of proving that the determination of the additions to tax is erroneous. . *335 Petitioner contends that he is not liable for the additions to tax for the taxable year 1982 because he did not have any unreported income and, therefore, there was not an underpayment of tax. Our findings indicate otherwise. Petitioner has failed to persuade us that respondent's imposition of additions was unwarranted. Accordingly, we sustain respondent's determination with respect to the additions to tax pursuant to section 6653(a)(1) and (2). The final issue for decision is whether petitioner is liable for the addition to tax pursuant to section 6661. Section 6661(a) provides that if there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 10 percent of the amount of any underpayment attributable to such understatement. There is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6661(b)(1)(A). An understatement generally means the excess of the amount of the tax required to be shown on the return over the tax which is shown on the return. Sec. 6661(b)(2)(A). *336 Petitioner contends that he is not liable for the addition to tax for the taxable year 1982 because he did not have any unreported income and, therefore, there was not an understatement of tax. However, as a result of our conclusion that income was omitted from petitioner's Federal income tax return for the taxable year 1982 there was an understatement of tax. Furthermore, the understatement of tax was substantial within the meaning of section 6661(b)(1)(A). Therefore, we sustain respondent's determination with respect to the addition to tax pursuant to section 6661. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
*. 50% of the interest due on $19,609.45 ↩
**. 50% of the interest due on $24,781.65 ↩
2. The parties have agreed to all issues with respect to the taxable year 1981.↩
3. ; .↩
4. George testified that he endorsed the check and gave it to Francois Farah and Francois testified that he cashed the check and gave the money to petitioner. Oddly, Francois testified that he was John and Emile's brother but was George's brother-in-law.↩
5. Petitioner also contends that he has failed to account for only $5,761 of the alleged unreported income, which is less than 1.8 percent of the total income reported by petitioner on his Federal income tax return for the taxable year 1982. Petitioner contends that because only a relatively small amount of income was not accounted for, we should hold that there was no unreported income. In view of our conclusion we need not address this contention.↩